Borenstein, J.
The plaintiffs, Efrem and Peter Weinreb, are beneficiaiy and trustee of the EF1 Realty Trust, respectively. They filed a ten-count complaint against the defendant, Hunter Inc. (“Hunter"), to recover for the costs of abating asbestos the defendant failed to remove as agreed upon. This matter is now before the court on the defendant’s motion to dismiss, which the court treats as a motion for summary judgment.
For the following reasons, the defendant’s motion for summaiy judgment is DENIED.
BACKGROUND
Plaintiff Efrem Weinreb is the sole beneficiary the EF1 Realty Trust and plaintiff Peter Weinreb is the trustee thereof. The plaintiffs’ predecessor in interest is Clements Really Associates (“Clements”), a partnership of whom plaintiff Efrem Weinreb was a partner. In March 1987 plaintiff Efrem Weinreb considered buying the interest of the Clements from the only other partner of the partnership, Muriel Bronstein.
To determine the value of the buildings owned by the partnership, Clements contracted with Hunter to identify “any and all asbestos,” among other places, in the building located at 197 Friend Street, Boston, Massachusetts (the “Building”). Under the contract, among the areas Hunter must test were ’’wall and ceiling . . . and any other material suspected to contain asbestos." The parties signed a contract dated March 27, 1987.[4] Hunter conducted the testing on May 21 and 22, 1987. Hunter submitted to Clements the results of the testing in a report entitled “Asbestos Survey.”
The objectives cited in the Asbestos Survey include identifying “asbestos-containing building material in the 197 Friend Street [Building]” and “the location of this material!.]” The Asbestos Survey listed specific areas in the Building where asbestos was discovered. No walls or ceilings in the Building were listed as areas where asbestos was found.
Plaintiff Efrem relied on the Asbestos Survey to determine the value of the partnership and purchased the other partner’s interest therein. Plaintiff Efrem Weinreb relied on the Asbestos Survey to hire contractors to remove asbestos in areas identified by Hunter as containing asbestos. On or about July 1, 1987, the title to the property owned by Clements passed to EF1 Realty Trust, of which Plaintiff Efrem Weinreb is the sole beneficiaiy.
On or about June 22, 1993, the EF1 Realty Trust entered into an agreement with the Greater Boston Legal Services (“GBLS”) to sell the Building. Prior to the closing, in August 1993, GBLS conducted an asbestos test in the Building and discovered that asbestos was still present in certain walls and ceilings of the Building. Plaintiff Efrem Weinreb notified Hunter of the newly discovered asbestos and gave Hunter an opportunity to examine the areas where asbestos was found. Later, Plaintiff Efrem Weinreb paid for the removal of the asbestos.
On or about May 31, 1996, the plaintiffs commenced this lawsuit against Hunter to recover the costs resulting from Hunter’s failure to detect all of the asbestos in the Building as agreed upon. The plaintiffs assert claims for negligence (Counts I, VI), negligent misrepresentation (Counts II, VII), breach of contract (Counts III, VIII), breach of express warranty (Counts IV, IX) and violation of G.L.c. 93A (Counts V, X).
DISCUSSION
I. Summaiy Judgment Standard
This court grants summaiy judgment where there are no genuine issues of material fact and where the summaiy judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summaiy judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the moving party is unlikely to submit proof that the nonmoving party is unlikely to submit proof that of element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summaiy judgment by resting on its pleadings and move assertions of disputed facts ...” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
II. Statute of Repose
The defendant argues that the Statute of Repose (the “Statute”) bars the plaintiffs’ tort and consumer protection claims. The Statute does not apply in this case because asbestos testing does not constitute improvement to real property.
The Statute limits the duration of liability in tort for six years for those involved in “the design, planning, construction or general administration of an improvement to real property!.]” G.L.c. 260, §2B. The SJC has interpreted the Statute to encompass architects, engi *664 neers, contractors and other design professionals in the construction industry. See Klein v. Catalano, 386 Mass. 701, 708 (1982). Surveyors do not enjoy the protection of the Statute, especially where their works are not “functionally related to and integrated with a building plan or design for construction or other change in the topography of the land.” Raffel v. Perley, 14 Mass.App.Ct. 242, 245 (1982) (holding that survey and plan for land division are not improvement to real property for the purposes of G.L.c. 260, §2B).
In this case, the service Hunter provided to the plaintiffs’ predecessor was testing for asbestos. The process of identifying asbestos does not relate to or integrate with any building plan or construction design of the premises. Neither is the process an improvement to real estate. The abatement of asbestos is, perhaps, an improvement for the purposes of G.L.c. 260, §2B because the capital value of the premises is enhanced thereby. See Raffel v. Perley, 14 Mass.App.Ct. at 245. Hunter, however, did not remove the asbestos from the Building; it merely identified the areas where asbestos was found. Thus, Hunter does not enjoy the protection of the Statute. The plaintiffs’ claims for negligence (Counts I, VI), negligent misrepresentation (Counts II, VII) and violation of Chapter 93A (Counts V, X) are not precluded by G.L.c. 260, §2B.
III. Statute of Limitations
The defendant also argues that the statute of limitations bars the breach of contract (Counts III, VIII) and breach of express warranty (Count IV, IX) claims. This court disagrees. The defendant is not entitled to summary judgment on the ground the statute of limitations precludes such claims.
In Massachusetts, contract actions are subject to a six-year limitations period. G.L.c. 260, §2. Caselaw establishes that the general rule for contract claims is that the cause of action accrues at the time of breach. See Int’l Mobiles Corp. v. Corroon & Black/Fairfield & Ellis Inc., 29 Mass.App.Ct. 215, 221 (1990). The times of accrual, however, are flexible because it would be unfair to begin running the statute of limitations before a plaintiff is put on notice that he has a claim. See Bowen v. Elli Lilly & Co., 408 Mass. 204, 205 (1990). Our SJC has created the “discovery rule” which does not accrue a cause of action at the actual time of breach or injury. See id. at 208. Rather, the cause of action accrues when a plaintiff knows, or reasonably should have known that he has been injured by the defendant’s conduct. Id. at 208. Massachusetts courts have applied the discovery rule to a variety of claims, including breach of express warranty. See Anthony’s Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc., 396 Mass. 818 (1986).
In Anthony’s Pier Four, the court held that the statute of limitation did not bar a breach of express warranty claim, fried in 1980, against the designers of a boat mooring system that was completed in 1968. 396 Mass. at 826. Even though the defendant-designers might have breached the warranty at the time of performance, the lawsuit was timely fried because “[t]he plaintiff discovered the breach when the boat was capsized in 1978 and there is no showing that it should have known of the breach earlier.” Id.
In the instant case, neither the plaintiffs nor their predecessor could have known at the time of performance or from looking at the Asbestos Survey that Hunter had breached its contractual duty. Under that contract, Hunter had agreed to identify “any and all asbestos . . . and any other material suspected to contain asbestos” in the subj ect Building. After Hunter had performed under the contract, namely, tested for asbestos in the Building, Hunter provided an Asbestos Survey to the plaintiffs’ predecessor.
The Asbestos Survey specifies areas where Hunter had discovered asbestos. Based on the contract and the objectives cited in the Asbestos Survey, Hunter had completed a comprehensive test for asbestos in the Building. Only the locations listed in the Asbestos Survey were the areas where asbestos was found. Because no walls or ceilings in the Building were specified as locations where asbestos was found, it was reasonable for the plaintiffs or their predecessor to conclude that Hunter had tested for asbestos in such locations and did not discover any asbestos there. The only way the plaintiffs or their predecessor could have determined whether the areas unlisted in the Asbestos Survey were indeed free of asbestos was to conduct or to allow another asbestos test to be conducted.
In August 1993, the plaintiffs allowed another asbestos test to be conducted in the Building. At that time, the plaintiffs discovered that Hunter breached the 1987 contract to identify “any and all asbestos” in the Building because certain walls and ceilings therein still contained asbestos. There is no showing that the plaintiffs should have known of the breach prior to August 1993. The claims for breach of contract and breach of express warranty, commenced in May 1996, were timely because the plaintiffs brought them within six years after they were put on notice that they have a cause of action against the defendant.
ORDER
Based upon the foregoing, it is hereby ORDERED that defendant’s motion for summary judgment be DENIED.

 The parties do not dispute the existence of the contract.

 This court treats the defendant’s motion to dismiss as a motion for summary judgment because the parties submitted materials outside the pleadings for the court to consider. See Mass.R.Civ.P. 12(b).